# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-931V
Filed: April 1, 2019
UNPUBLISHED

| | |
|---|---|
| SUSANNA J. HOWARD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Nancy R. Meyers, Ward Black Law, Greensboro, NC,* for petitioner.
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On June 28, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of her September 21, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 27, 2019, respondent filed his Rule 4(c) Report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1.  Specifically, respondent states that medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have concluded that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period, and there is not a preponderance of the medical evidence that petitioner's GBS was due to a factor unrelated to the vaccination.  *Id.* at 5.  Respondent states that this claim "meets the statutory severity requirements because petitioner experienced sequelae of her GBS for more than six months."  *Id.*  Respondent concludes that "based on the record as it now stands, compensation is appropriate, as petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master